**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LARRY E. WHITE, II,**

                    **Plaintiff,**

v.

                                                    **19-CV-500Sr**

**CSX TRANSPORTATION, INC.**
**and**
**JOHN DOE 1 TO JOHN DOE 5,**

                    **Defendants.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #19.

Plaintiff commenced this action by Summons and Complaint filed in New York State Supreme Court, County of Erie, alleging personal injury when a railway track switch closed on his left foot as he was crossing the railroad tracks within the Frontier Yard in the vicinity of Broadway and Bailey in the City of Buffalo on March 9, 2018. Dkt. #1. Defendant, CSX Transportation, Inc. ("CSXT"), removed the action to this Court pursuant to diversity jurisdiction on April 18, 2019. Dkt. #1.

A Case Management Order was entered on June 20, 2019, setting January 31, 2020 as the deadline for completion of fact depositions; February 28, 2020

as the deadline for plaintiff to provide expert witness disclosure; March 31, 2020 as the deadline for defendant to provide expert witness disclosure; May 31, 2020 for the completion of expert depositions; June 30, 2020 as the deadline for completion of all discovery; and August 31, 2020 for the filing of dispositive motions. Dkt. #8.

Currently before the Court is defendant's motion to compel plaintiff to respond to outstanding discovery demands and extend the deadline for dispositive motions following receipt of plaintiff's discovery responses. Dkt. #13.

**Calendar**

At plaintiff's deposition on January 15, 2020, plaintiff testified that he maintained a calendar from the time of his accident. Dkt. #13, ¶ 5. By letter dated January 23, 2020, defense counsel requested a copy of plaintiff's calendar from the date of the accident to the present. Dkt. #13, ¶ 5. By letter dated February 3, 2020, plaintiff's counsel advised that he had requested the calendar entries from plaintiff. Dkt. #13, ¶ 5. On May 13, 2020, defense counsel advised plaintiff's counsel that this demand remained outstanding. Dkt. #13, ¶ 7. Defense counsel again reminded plaintiff's counsel of the outstanding demand by letter dated May 26, 2020. Dkt. #13, ¶ 9. By email dated June 26, 2020, plaintiff's counsel advised that he would follow up with plaintiff regarding the outstanding document demand. Dkt. #13, ¶ 12. Plaintiff provided the calendar entries to defense counsel on July 16, 2020. Dkt. #15, ¶ 5. Accordingly, this aspect of CSXT's motion to compel is moot.

**First Set of Interrogatories**

On May 26, 2020, defense counsel served plaintiff with a First Set of Interrogatories. Dkt. #13, ¶ 8. On June 25, 2020, defense counsel reminded plaintiff that the interrogatories were due on June 26, 2020 and that, pursuant to the Court's Case Management Order, discovery closed on June 30, 2020. Dkt. #13, ¶ 11.

Plaintiff's counsel responds that, despite his office being closed in accordance with the March 7, 2020 New York State Executive Order closing non-essential business due to the Covid-19 pandemic, he met with plaintiff to review his cell phone records and identify individuals with whom he communicated on the date of the incident and provided that information to defense counsel on July 16, 2020. Dkt. #15, ¶¶ 5-6 & 9.

CSXT replies that plaintiff has failed to respond to the interrogatories other than to submit an unverified partial response to Interrogatory No. 12, which sought the identity of individuals appearing on plaintiff's cell phone records on the date of the incident. Dkt. #16, ¶ 14.

Plaintiff shall respond to defendant's interrogatories no later than November 13, 2020.

**Case Management Order**

CSXT seeks an extension of the deadline for filing summary judgment. Dkt. #13, ¶ 19.

Plaintiff seeks extension of the Case Management Order due to the March 7, 2020 New York State Executive Order closing non-essential business due to the Covid-19 pandemic. Dkt. #15. Specifically, plaintiff's counsel declares that he will need time to conduct depositions, which have been on hold until phase 4 of New York State's Reopening. Dkt. #15, ¶ 14.

CSXT responds that federal court deadlines were not suspended during the pandemic and notes that many of the deadlines set forth in the Court's Case Management Order expired prior to the March 7, 2020 New York State Executive Order without request for extension of any deadlines by plaintiff. Dkt. #16, ¶¶ 3-4.  CSXT objects to reopening discovery given plaintiff's failure to serve any discovery demands or notice any depositions during the time frame set forth in the Court's Case Management Order. Dkt. #16.

By letter dated September 11, 2020, plaintiff seeks permission to conduct discovery, attaching copies of discovery demands served upon defendant on March 25, 2019, which was prior to the removal of this action to federal court.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a Case Management Order may be modified only for good cause and with the judge's consent.

More specifically, the 1983 Advisory Committee Notes to Rule 16 state that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *See Smith v. Bradt*, 329 F.R.D. 337, 504 (W.D.N.Y. 2019). Thus, a finding of good cause depends upon the diligence of the moving party. *Grochowski v. Phoenix Const*., 318 F.3d 80, 86 (2d Cir. 2003), *citing Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000). "In determining whether a party has been diligent, courts consider what information the party knew, or should have known, in advance of the deadline sought to be extended." *Smith*, 329 F.R.D. at 505 (internal quotation omitted). Even where a party has been diligent, a court may still deny extension of the Case Management Order when it would prejudice the non-moving party. *Id.* However, lack of prejudice to the non-moving party will not excuse the moving party's lack of diligence. *Gullo v. City of N.Y.*, 540 Fed. App'x 45, 47 (2d Cir. 2013).

In the instant case, the Case Management Order entered by the Court on June 20, 2019 set January 31, 2020 as the deadline for all fact depositions. As that deadline expired well before any disruption from the pandemic, plaintiff has failed to demonstrate good cause for any extension of this aspect of the Case Management Order. However, the deadline for expert depositions and completion of discovery expired May 31, 2020 and June 30, 2020, during a time in which the Court recognizes significant disruption from the pandemic. Accordingly, plaintiff will be permitted to serve discovery demands upon defendant, as provided by the Federal Rules of Civil Procedure, no later than November 13, 2020. The Court will also extend the deadline

for plaintiff to depose defendant's expert witness to December 18, 2020. Dispositive motions shall be filed no later than January 15, 2021.

    **SO ORDERED.**

**DATED:**  **Buffalo, New York**
      **October 16, 2020**

            *s/ H. Kenneth Schroeder, Jr.*
            **H. KENNETH SCHROEDER, JR.**
            **United States Magistrate Judge**