**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**LARRY E. WHITE, II,**

                                        **Plaintiff,**

**v.**

                                                                **19-CV-500Sr**

**CSX TRANSPORTATION, INC.**

                                        **Defendant.**

_____

## <u>DECISION ORDER</u>

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #19.

Plaintiff commenced this negligence action against defendant CSX Transportation, Inc. in New York State Supreme Court, County of Erie, alleging that he was injured on March 9, 2018, while using a shortcut to cross over CSX's railroad tracks in the vicinity of Fay Street and Shepard Street in the City of Buffalo, when a railroad switch closed on his foot. Dkt. #1-1. Defendant removed the case to this Court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1446(b)(2)(A). Dkt. #1.

By Decision and Order entered June 28, 2024, in response to defendant's motion to preclude evidence of any prior or subsequent incidents not substantially similar to the one at issue, the Court directed plaintiff to proffer to the Court any

evidence of prior or subsequent accidents it seeks to introduce at trial and the basis for admitting such evidence.

By email dated July 1, 2024, plaintiff attached "Buffalo News Reports, local media reports and . . . Police Reports of prior pedestrian crossing and injuries on [t]he rails in the area of the Frontier Yard where [plaintiff] was injured," as well as a link to a WKBW news report from April 24, 2024. Specifically, plaintiff proffers:

> (1) Buffalo News article and Spectrum news article dated February 22, 2017 describing serious injuries to a woman struck by a train and discovered just after midnight near the foot of Schutrum Street near the CSX Transportation's Frontier Yard. Although the identity of the woman was not released by law enforcement officers, plaintiff's counsel identifies her as Nicole Tyes, and states that "[s]he has spoken to me about these injuries and where the incident occurred which is within blocks of where [plaintiff] was injured."

> (2) Buffalo News article updated March 23, 2021 describing how John Michalski was struck by a CSX train after he laid on the railroad tracks in Depew, New York.

> (3) WKBW internet article posted March 6, 2024 reporting that Tyrina Mozee was "run over by a train with no engineer on board" on Gatchell Street in February of 2024 and referencing an incident in July of 2023 in which an 8-year old boy lost his leg after being hit by a train; and

> (4) WKBW internet article posted on April 24, 2024 reporting that "the family of an 8-year old boy who lost his leg after being run over by a train at the end of Wick Street last July" was planning a lawsuit against defendant based on the absence of a barricade and the lack of an engineer on the locomotive. The article suggests that the child went onto the tracks to retrieve his soccer ball.

Plaintiff argues that these incidents are relevant to plaintiff's claim that defendant was negligent in failing "to control foot traffic or pedestrian traffic as well as the dangerous and hazardous condition of the rail yard."

Defendant responds with a motion to preclude use of any of the attachments or discussion at trial of any such incidents. Dkt. #44. Defendant argues that the documents contain hearsay and that none of the incidents described reference a switch injury similar to plaintiff's injury. Dkt. #44. More specifically, with respect to the first article, defendant argues that an "incident late at night where the victim was struck by a moving train has zero relevance to this accident where [plaintiff] claims injury by a moving switch during daylight hours, without a train in sight." Dkt. #44-1, p.4. With respect to the second article, defendant argues that the incident was an attempted suicide by train and occurred years after plaintiff's injury near the Amtrak station in Depew, which is distant from the Frontier Yard. Dkt. #44-1, p.4. With respect to the third article, defendant argues that the injury, which occurred years after plaintiff's injury, was alleged to have been caused by a remote-controlled train rather than a switch. Dkt. #44-1, p.4. With respect to the fourth article, defendant similarly argues that the injury, which occurred years after plaintiff's injury, was not caused by a switch. Dkt. #44-1, p.4.

As a matter of form, unless they fall within an exception to the hearsay rule, the documents proffered are inadmissible hearsay that cannot be offered to establish the truth of the factual allegations contained within them. *See Mandal v. City of N.Y.*, 02 Civ. 1367, 2006 WL 3405005, at *1 (S.D.N.Y. Nov. 26, 2006) (collecting cases). Plaintiff

does not argue that any of the exceptions to the hearsay rule apply and the Court does not find that the statements contained within the documents fall within the scope of Rule 803, Rule 804 or Rule 807 of the Federal Rules of Evidence.

As a matter of substance, evidence of a prior accident may be admissible to demonstrate dangerousness of conditions and notice, but only when the relevant conditions of the subject accident and the previous one were substantially the same. *Holley v. Marriott Int'l, Inc*., 15-CV-6823, 2017 WL 11587088, at *5 (E.D.N.Y. Sept. 7, 2017); *DiFrancesco v. Win-Sum Ski Corp*., 13CV148, 2017 WL 1046741, at *15 (W.D.N.Y. March 20, 2017); *Bellinger v. Deere & Co.*, 881 F. Supp. 813, 817-818 (N.D.N.Y. 1995).  In the instant case, the only prior accident proffered by plaintiff involves a woman hit by a train in the dark approximately 3 blocks away from the switch that injured plaintiff. This is not sufficiently similar to be admissible for purposes of establishing dangerousness of the switch or notice that individuals were crossing the railroad tracks in the vicinity of the switch.

"Evidence of a subsequent accident occurring under conditions similar to those existing at the time of the accident complained of is admissible and of probative value on the issue of whether a dangerous condition existed, but cannot charge the defendant with notice of such a condition." *Klosin v. E.I. DuPont De Nemours & Co.,* 19-CV-109, 2023 WL 2851704 (W.D.N.Y. Feb. 14, 2023), *quoting Petrilli v. Federated Dep't Stores, Inc*., 40 A.D.3d 1339, 1340 (3rd Dep't 2007). Reports of an attempted suicide by train in a location far from the area where plaintiff was injured does not offer

relevant evidence of the conditions where plaintiff's injury is alleged to have occurred. While the July 2023 and February 2024 incidents appear to have occurred in the vicinity of plaintiff's injury, they both involve injuries from a train rather than a switch. Thus, the subsequent incidents are not admissible evidence as to the dangerousness of the switch. Moreover, given that these injuries occurred after plaintiff's injury, they cannot be used to demonstrate notice of the presence of pedestrians in the vicinity of the switch.

Defendant also seeks to preclude use of a chart proffered by plaintiff on the ground that it is of unknown origin and does not summarize anything. Dkt. #44-1, p.5. Plaintiff identifies this document as a summary of 94 trespass warnings/tickets issued by defendant and produced in support of defendants motion for summary judgment at Dkt. #23-12. Defense counsel declared that they are true and correct copies of incident reports created and maintained in the ordinary course of business by defendant and authenticated by defendant's employee, Michael Johnson (Dkt. #23-1, ¶ 15), who is expected to testify at trial.

Rule 1006 of the Federal Rules of Evidence permits the use of a summary chart to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The Rule further provides that the Court may also order the writings, recordings or photographs to be produced in court.

Upon review of the chart proffered by plaintiff, it appears that it is based upon and fairly represents, in chronological order, interactions with individuals discovered on

defendant's property in the Frontier Yard. As a result, the Court will permit plaintiff to introduce this document in conjunction with the underlying incident reports, subject to an appropriate jury charge regarding the assessment of summary charts.

        **SO ORDERED.**

**DATED:   Buffalo, New York**
            **July 10, 2024**

                                    _s/ H. Kenneth Schroeder, Jr._
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**