UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LARRY E. WHITE, II,

                              Plaintiff,

v.                                                                                  19-CV-500Sr

CSX TRANSPORTATION, INC.

                              Defendant.

---

## DECISION ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #19.

Plaintiff commenced this negligence action against defendant CSX Transportation, Inc. in New York State Supreme Court, County of Erie, alleging that he was injured on March 9, 2018, while using a shortcut to cross over CSX's railroad tracks in the vicinity of Fay Street and Shepard Street in the City of Buffalo, when a railroad switch closed on his foot. Dkt. #1-1. Defendant removed the case to this Court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1446(b)(2)(A). Dkt. #1.

On June 26, 2024, plaintiff served a subpoena addressed to defendant's employee, Michael Johnson, upon defendant. Defendant does not oppose plaintiff's request to call Mr. Johnson as a witness, but seeks to quash the subpoena in so far as

it seeks corporate records, inadmissible and irrelevant documents and documents precluded by the court. Dkt. #45. The subpoena demands that Michael Johnson produce the following:

> All training notes, literature and material from CSX Transportation, Inc. to perform the job as Special Agent and/or Police Officer as well as notes, records, reports, writings, information sheets for arrests or warnings given out by CSXT between January 1, 2013 through the present, within QD Bo .5 as well as all injury or accident reports for individuals on the CXST property in the area of QDBO.5 between January 1, 2013 through the present.

Dkt. #45-3.

Defendant argues that discovery closed in 2020 and plaintiff should not be permitted to obtain additional discovery by way of subpoena. Dkt. #45. Defendant notes that, during the course of discovery, it provided plaintiff with incident reports related to trespassers in the vicinity of plaintiff's injury for a five year period prior to plaintiff's injury and argues that any additional records would not be in the possession of the individual subpoenaed, would be irrelevant, and would be burdensome for the defendant to produce at this late date. Dkt. #45.

Setting aside the numerous procedural issues with respect to the form and service of the subpoena, the Court agrees that the subpoena improperly seeks discovery of documents that should have been requested during the course of discovery. While trial subpoenas are appropriate for, *inter alia*, securing an original document previously disclosed during discovery, such a subpoena should be quashed

when it is used as a vehicle to obtain discovery after the deadline for discovery has passed. *See Nikonov v. Flirt NY, Inc.*, 338 F.R.D. 444, 445 (S.D.N.Y. 2021); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995). As defendant does not object to the authenticity of documents already produced during discovery and plaintiff has failed to proffer any justification for failing to request the additional documents from defendant prior to the close of discovery, the Court grants defendant's motion to quash the subpoena to the extent that it seeks production of defendant's corporate records.

**SO ORDERED.**

**DATED:** Buffalo, New York
July 11, 2024

                                       *s/ H. Kenneth Schroeder, Jr.*
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**