UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LARRY E. WHITE, II,

                                **Plaintiff,**

v.                                                                                        **19-CV-500Sr**

CSX TRANSPORTATION, INC.

                                **Defendant.**

_____

## DECISION ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #19.

Plaintiff commenced this negligence action against defendant CSX Transportation, Inc. in New York State Supreme Court, County of Erie, alleging that he was injured on March 9, 2018, while using a shortcut to cross over CSX's railroad tracks in the vicinity of Fay Street and Shepard Street in the City of Buffalo, when a railroad switch closed on his foot. Dkt. #1-1. Defendant removed the case to this Court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1446(b)(2)(A). Dkt. #1.

By Decision and Order entered October 31, 2023, the Court denied defendant's motion for summary judgment on the ground that there were factual

questions to be resolved by a jury as to the extent of defendant's duty of care to plaintiff, specifically with respect to its duty to prevent plaintiff from accessing its property and/or warn plaintiff regarding the dangerousness of the switch, as well as the extent to which the switch constituted an open and obvious danger. Dkt. #27, pp.7-13.

Currently before the Court is defendant's motion for reconsideration of that Decision and Order in light of the Court's resolution of numerous evidentiary issues. Dkt. #57.

"It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment . . . ." *In re U.S.*, 733 F.2d 10, 13 (2d Cir. 1984). However, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "should not be granted where the moving party seeks solely to re-litigate an issue already decided." *Id.* Stated another way, a motion for reconsideration should be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Rule 60(b)(1) of the Federal Rules

of Civil Procedure specifically provides that a court may relieve a party from an order based upon mistake, inadvertence, surprise or excusable neglect.

Defendant argues that plaintiff cannot meet his burden to demonstrate breach of duty because plaintiff has failed to identify any prior incident that would afford it notice "of the danger of a remote controlled switch closing at the precise moment a person's foot or body part entered the narrow switch opening." Dkt. #57-4, p.5. More specifically, defendant argues that "there isn't a scintilla of evidence that would sustain a jury finding that it was foreseeable . . . that a trespasser might get their foot stuck in the switch in a manner which they could not remove it before the switch shut." Dkt. #57-4, p.5. Defendant argues that, even accepting that the injury occurred as plaintiff claims, the risk of such an injury was nothing more than a remote possibility. Dkt. #57-4, p.6. The Court finds defendant's definition of foreseeability far too constrained and has no difficulty determining that, as set forth in the Court's previous decision, whether it was foreseeable that someone could sustain an injury to their foot from stepping on a switch while crossing the railroad tracks; whether defendant provided sufficient warning of the potential dangerousness of stepping on a switch while crossing the railroad tracks; and whether the dangerousness of the switch was open and obvious are questions of fact appropriately reserved to the jury.

Defendant also argues that plaintiff cannot meet his burden to demonstrate that his injury was caused by the switch because plaintiff has not identified an expert witness who can testify that his injury was more likely than not caused by the switch.

Dkt. #57-4, p.6. More specifically, defendant argues that "[i]t would be impossible for a jury to conclude whether getting one's foot caught in a switch could produce the type of injury [p]laintiff suffered absent medical causation testimony." Dkt. #57-4, p.7. "It is well settled that expert testimony is unnecessary in cases where jurors are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training." *Wills v. Amerada Hess Corp*., 379 F.3d 32, 46 (2d Cir. 2004). This Court has no difficulty concluding that a jury is capable of assessing whether a railroad switch closing on a foot could cause an injury such as plaintiff suffered even in the absence of expert testimony.

Defendant alternatively argues for an order precluding expert medical testimony. Dkt. #57-4, p.2. Plaintiff has identified Captain Doug O'Shei from the Buffalo Fire Department and Brian Waykoff, Paramedic Supervisor, AMR Ambulance, as witnesses who responded to the first aid call. As there is no dispute that plaintiff did not file expert disclosures with respect to either witness, their testimony will be limited to "'lay testimony' within strictly limited bounds, including relevant examinations they performed, diagnostic testing they may have ordered, their observations . . . during examinations, any related history they may have recorded or simple conclusions that would be obvious to jurors, but excluding the causation of his ailments." *Kaganovich v. McDonough*, 547 F. Supp.3d 248, 277 (E.D.N.Y. 2021); *See Woolfolk v. Baldofsky*, 2022 WL 2600132, at *4 (E.D.N.Y. July 8, 2022) ("Rule 701 of the Federal Rules of Evidence permits lay witnesses to testify only about opinions that are 'rationally based

on the witness's perception,' and 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.") (internal quotation omitted).

**SO ORDERED.**

**DATED:**  Buffalo, New York
July 12, 2024

                                                    *s/ H. Kenneth Schroeder, Jr.*
                                                    **H. KENNETH SCHROEDER, JR.**
                                                    **United States Magistrate Judge**