UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LARRY E. WHITE, II,

                      Plaintiff,

v.

                                                                                19-CV-500Sr

CSX TRANSPORTATION, INC.

                      Defendant.

---

## DECISION ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #19.

Plaintiff commenced this negligence action against defendant CSX Transportation, Inc. in New York State Supreme Court, County of Erie, alleging that he was injured on March 9, 2018, while using a shortcut to cross over CSX's railroad tracks in the vicinity of Fay Street and Shepard Street in the City of Buffalo, when a railroad switch closed on his foot. Dkt. #1-1. Defendant removed the case to this Court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1446(b)(2)(A). Dkt. #1.

Currently before the Court is defendant's third motion *in limine* seeking to preclude plaintiff from suggesting a dollar amount for the jury to award in damages

during his closing statement. Dkt. #66. In support of its motion, defendant argues that allowing plaintiff's counsel to suggest to the jury a dollar amount to award plaintiff for pain and suffering would unfairly tether jurors to an unreasonable damages amount. Dkt. #66-2, p.3. Defendant argues that suggesting arbitrary and potentially extraordinary damages to a jury can create a psychologically powerful baseline for jurors attempting to assign a monetary value to a plaintiff's pain and suffering. Dkt. #66-2, p.3.

Although it has not adopted a *per se* rule about the propriety of suggested monetary awards for pain and suffering, the Court of Appeals for the Second Circuit has emphasized "that specifying target amounts for the jury to award is disfavored" because such "suggestions anchor the jurors' expectations of a fair award at a place set by counsel, rather than the evidence." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996). The Court of Appeals further opined:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly.

*Id*. Although the Court of Appeals declined to hold that it is error to permit such recommendations, it encouraged trial judges to bar such recommendations, opining that "it is not a desirable practice." *Id.; See Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 912 (2d Cir. 1997) (declining to adopt *per se* rule prohibiting counsel from suggesting a specific sum as damages for pain and suffering in closing arguments in

favor of affording trial judges discretion to "either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions.").

The Court agrees that the danger of undue influence upon the jury is real in this case, especially given the lack of any medical or expert testimony regarding plaintiff's recovery and rehabilitation, current physical condition or future prognosis. As a result, plaintiff's counsel is precluded from suggesting a specific monetary award to the jury during the course of closing arguments.

        **SO ORDERED.**

**DATED:**  Buffalo, New York
          **July 24, 2024**

                                       *s/ H. Kenneth Schroeder, Jr.*
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**